UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT J. VAZQUEZ,

    Plaintiff,

-against-

STERLING INFOSYSTEMS, INC.,

    Defendant.

15 CV 3762

Civ. No. _____



**COMPLAINT**

**(Trial by Jury Demanded)**

## NATURE OF THE ACTION

1. This is an action for damages brought by an individual consumer, Robert J. Vazquez, against Defendant Sterling Infosystems, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended.*

## PARTIES

2. Plaintiff is an adult individual residing in Hebron, Kentucky.

3. Defendant Sterling Infosystems, Inc. ("Sterling") is a consumer reporting agency authorized to do business in the State of New York, has substantial contacts in this District, and has a principal place of business at 1 State Street Plaza, 24th Floor, New York, NY 10004.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal FCRA.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b) because Defendant "resides" in this District as defined in 28 U.S.C. § 1391(c).

## STATEMENT OF FACTS

6. Sterling is among the largest of the nation's employment background screening companies, i.e., those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to prospective employers and employers.

7. The FCRA mandates that a CRA provide consumers upon request an accurate copy of their file with all of the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their files. *See* 15 U.S.C. §§ 1681g(a) and 1681i(a).

8. Specifically, each CRA is required by the FCRA to provide consumers with a copy of their consumer files without charge in certain circumstances. *See* 15 U.S.C. § 1681g(a).

9. The term "file," when used in connection with information on any consumer, means "all of the information on that consumer recorded and retained by a consumer credit reporting agency, regardless of how the information is stored." *See* 15 U.S.C. § 1681a(g).

10. "Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report" and an FCRA "'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010), citing *Gillespie v. Trans Union, LLC*, 482 F.3d 907, 909 (7th Cir. 2007).

11. After obtaining and reviewing a copy of their files, consumers have the right to dispute any inaccurate information in their credit files, and to have errors corrected by the CRA, usually within 30 days of their disputes. *See* 15 U.S.C. § 1681i(a).

12. On or about June 30, 2014 Plaintiff Robert J. Vazquez applied for employment with JetBlue Airways Corporation ("JerBlue") as a flight instructor.

13. Mr. Vazquez interviewed in person for the position and was provisionally hired by JetBlue, contingent upon a background check.

14. Upon information and belief, in or about August 2014, JetBlue requested a background check for Mr. Vazquez from Sterling.

15. On or about September 4, 2014, Mr. Vazquez received an introductory email from Brandi Wilcox, an Aviation Specialist for Sterling, outlining the background check procedure and requesting that he complete Air Carrier and Other Records Requests ("PRIAs") under the Pilot Records Improvement Act of 1996 authorizing JetBlue and Sterling to access his pilot records from Vision Airlines and Delta Airlines Inc. DBA Comair Inc.

16. That same day Mr. Vazquez signed the PRIA request forms and returned them to Sterling via UPS overnight mail.

17. The PRIA request forms directed Mr. Vazquez's prior employers to submit the requested pilot records to Matt Bowden, c/o Sterling Infosystems, Inc., by fax to 866-684-9657 or by email to FAA-Records@sterlinginfosystems.com.

18. On or about September 5, 2014, Mr. Vazquez received an introductory email from Kiara Cruz, an Aviation Specialist for Sterling, again outlining the background check procedure and requesting that he review his application and advise if any changes should be made. Ms. Cruz further requested permission to contact his former employers Jet Aviators and Vision Airlines, and requested proof of employment for FlightPath International.

19. Also on or about September 5, 2014, Mr. Vazquez responded to Mr. Cruz's email granting permission to contact his present and prior employers, advising Ms. Cruz of certain

corrections to his application, and attaching a reference letter proving his past employment with FlightPath International. Mr. Vazquez also provided a second reference letter regarding his employment with FlightPath International to Ms. Cruz on or about September 9, 2014.

20. On or about September 11, 2014, Mr. Vazquez submitted paystubs from when he was employed by Vision Airlines and Jet Aviators, as well as pilot proficiency check and training records from Vision Airlines and a letter confirming training he completed from Jet Aviators. Further, Mr. Vazquez submitted a 7-page June 2014 PRIA request from Delta to Vision Airlines, including Vision Airlines' response thereto, and requested Ms. Cruz advise whether his file was now complete.

21. On or about September 11, 2014, Ms. Cruz advised she was checking the paystubs before closing the order for his background check, and inquired about a purported gap in his employment from November 2012 to April 2013.

22. Mr. Vazquez emailed Ms. Cruz confirming he was employed during that time with FlightPath International, and for which he had provided the reference letters as proof of employment.

23. Thereafter on or about September 11, 2014, Ms. Cruz advised that she was submitting the background check to JetBlue for review and if they had other questions they would contact Mr. Vazquez directly.

24. Upon information and belief, Sterling furnished a background consumer report to JetBlue in September 2014 with incomplete and therefore inaccurate information in at least two sections relating to Jet Aviators Management.

25. Sterling rates or scores portions of its background report pursuant to criteria provided by its client. The Sterling background report on Mr. Vazquez was titled "COMPLETE REPORT – CONSIDER" instead of "COMPLETE REPORT – CLEAR."

26. Sterling also noted in the comments for some of the flagged sections in the background report on Mr. Vazquez:

> This request was sent 10/21/2014 and received on 10/27/2014. Processing of this verification was halted when the client cancelled the background check on the applicant, and requested that work on all incomplete verifications be suspended.

27. The background report Sterling furnished to JetBlue for employment purposes was incomplete and thus misleading.

28. However, on or about October 20, 2014, Mr. Vazquez received an introductory email from Mariana Miller, another Aviation Specialist for Sterling, outlining the background check procedure and requesting that he complete a PRIA authorizing JetBlue and Sterling to access his pilot records from Jet Aviators Management, and email or fax it back to her.

29. Mr. Vazquez replied to Ms. Miller, asking that she please check Sterling's records because he was notified in mid-September that the background file was completed and submitted to JetBlue.

30. Ms. Miller responded, and advised that JetBlue contacted Sterling that day requesting PRIA request forms for Jet Aviators Management as they were not done previously and should have been. "It was an error on our part that was overlooked. I apologize for the inconvenience, but we do need 8060-11 and 8060-12 documents for Jet Aviators Management."

31. Mr. Vazquez signed and returned the requested forms by email to Ms. Miller that same day.

32. On or about October 29, 2014, JetBlue called to inform Mr. Vazquez that the "job offer was being withdrawn due to [his] background report."

33. The September and October 2014 reports were incomplete and thus misleading and were likely to have an adverse effect upon his ability to obtain employment generally, and specifically, with JetBlue.

34. Sterling has been reporting, and did here report, derogatory, incomplete and inaccurate statements and information relating to Mr. Vazquez and Mr. Vazquez's employment history and pilot records to third parties (the "inaccurate information").

35. The inaccurate information includes, but is not limited to, failing to request and provide pilot records and aviation DOT verification from Jet Aviators Management in a timely manner.

36. Sterling failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Mr. Vazquez. Had Sterling followed such procedures it never would have sold JetBlue an incomplete and misleading report on Mr. Vazquez, as for example, obtaining timely PRIAs to access his pilot records from all prior employers would have enabled Sterling to create and furnish a complete report.

37. On or about November 6, 2014, Mr. Vazquez sent a certified letter to Sterling requesting that it provide him with a complete copy of his file. The return receipt for the letter shows that Defendant received it on November 10, 2014.

38. On or about December 2, 2014, Sterling mailed Mr. Vazquez a letter purportedly enclosing a copy of his background check performed for its client JetBlue Airways Corporation.

39.     The December 2nd report, however, contains many hyperlinks to additional documents inaccessible in paper form that were not produced to Mr. Vazquez. In at least one section, the report states *inter alia*:

> The response received from the employer is attached to this search, available using the hyperlink below. It will also be an addendum if you choose the "Print with Attachments" option to download the completed report.

40.     Sterling could have easily sent Mr. Vazquez a complete copy of his file by using the "Print with Attachments" option. However, it failed to provide him with a copy of his complete file by failing to include at least 14 separate hyperlinked attachments.

41.     On or about December 15, 2014, Mr. Vazquez sent a second certified letter to Sterling identifying the problem with the December 2nd report and requesting that it provide him with a copy of his full consumer file. The return receipt for the letter shows that Defendant received it on January 2, 2015.

42.     On or about January 6, 2015, Sterling mailed Mr. Vazquez another copy of the December 2nd report, again omitting the referenced attachments.

43.     On or about January 13, 2015, Mr. Vazquez sent a third and final certified letter to Sterling requesting that it provide him with a copy of his full consumer file and referencing his previous requests. The return receipt for the letter shows that Defendant received it on January 21, 2015. Defendant has not responded to Mr. Vazquez's request in any manner and to date has not provided him with a copy of his full consumer file.

44.     As a direct result of Defendant's unlawful actions and omissions Mr. Vazquez lost the job opportunity at JetBlue and suffered actual damages, including wage and other pecuniary loss, humiliation, embarrassment and emotional distress.

45. At all times pertinent hereto, the Defendant's conduct, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## CAUSES OF ACTION

### COUNT I
### Fair Credit Reporting Act

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

47. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

48. Defendant is a "person" and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and 1681a(f).

49. The above-mentioned background reports are "consumer reports" used for "employment purposes" within the meaning of 15 U.S.C. §§ 1681a(d) and 1681a(h).

50. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681g.

51. The Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and litigation costs, as well as such further relief as may be permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.   An award of statutory, actual and punitive damages;

B. An award of pre-judgment and post-judgment interest as provided by law;

C. An award of attorneys' fees and costs; and,

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests and demands a trial by jury.

                    Respectfully submitted,

BY: *[signature]*
ADAM G. SINGER
**LAW OFFICE OF ADAM G. SINGER**
1 Baker Lane
Suffern, NY 10901
T: 212.842.2428
F: 209.844.2428
E: asinger2@alumni.law.upenn.edu

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice forthcoming*)
JOHN SOUMILAS (*pro hac vice forthcoming*)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com

*Attorneys for Plaintiff*

Dated: May 13, 2015