**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| ROBERT J. VAZQUEZ, Plaintiff, v. STERLING INFOSYSTEMS, INC., Defendant. | Case No. 15 CV 3762<br>**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** |
|---|---|

Defendant Sterling Infosystems, Inc., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative and Other Defenses to Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer, Robert J. Vazquez, against Defendant Sterling Infosystems, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended.*

**ANSWER:**

Sterling admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and purports to seek damages in this lawsuit. Sterling denies all remaining allegations in Paragraph 1 of the Complaint, and specifically denies that Sterling committed any violation of the FCRA or that Plaintiff is entitled to any relief whatsoever.

## PARTIES

**COMPLAINT ¶2:**

Plaintiff is an adult individual residing in Hebron, Kentucky.

**ANSWER:**

Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Defendant Sterling Infosystems, Inc. ("Sterling") is a consumer reporting agency authorized to do business in the State of New York, has substantial contacts in this District, and has a principal place of business at 1 State Street Plaza, 24th Floor, New York, NY 10004.

**ANSWER:**

Sterling admits the allegations in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶4:**

This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal FCRA.

**ANSWER:**

Sterling admits that jurisdiction is proper in this Court. Sterling denies any remaining allegations in Paragraph 4 of the Complaint, and specifically denies that it committed any violation of the FCRA.

**COMPLAINT ¶5:**

Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b) because Defendant "resides" in this District as defined in 28 U.S.C. § 1391(c).

**ANSWER:**

Sterling admits that venue is proper in this Court. Sterling denies any remaining allegations in Paragraph 5 of the Complaint.

## STATEMENT OF FACTS

**COMPLAINT ¶6:**

Sterling is among the largest of the nation's employment background screening companies, i.e., those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to prospective employers and employers.

**ANSWER:**

Sterling admits that it is a background screening company that provides certain services to its clients, including the preparation of consumer reports to employers and prospective employers. Sterling denies any remaining allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

The FCRA mandates that a CRA provide consumers upon request an accurate copy of their file with all of the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their files. *See* 15 U.S.C. §§ 1681g(a) and 1681i(a).

**ANSWER:**

Paragraph 7 of the Complaint consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Sterling admits that the FCRA includes certain requirements for the provision of consumer files to consumers upon request and also provides consumers with the ability to dispute any purported inaccuracies in their consumer reports. Sterling denies any remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

Specifically, each CRA is required by the FCRA to provide consumers with a copy of their consumer files without charge in certain circumstances. *See* 15 U.S.C. § 1681g(a).

**ANSWER:**

Paragraph 8 of the Complaint consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Sterling admits that, under certain

circumstances, the FCRA requires consumer reporting agencies to provide consumers with a free copy of their files.

**COMPLAINT ¶9:**

The term "file," when used in connection with information on any consumer, means "all of the information on that consumer recorded and retained by a consumer credit reporting agency, regardless of how the information is stored." *See* 15 U.S.C. § 1681a(g).

**ANSWER:**

Paragraph 9 of the Complaint consists entirely of legal conclusions and an incomplete statutory quotation and, therefore, no answer is required. To the extent an answer is required, Sterling admits that the statute cited in Paragraph 9 contains, in part, the language quoted in Paragraph 9.

**COMPLAINT ¶10:**

"Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report" and an FCRA "'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Cortez v. Trans Union, LLC,* 617 F.3d 688, 711-12 (3d Cir. 2010), citing *Gillespie v. Trans Union, LLC,* 482 F.3d 907, 909 (7th Cir. 2007).

**ANSWER:**

Paragraph 10 of the Complaint consists entirely of legal conclusions and a quotation from the cited opinion and, therefore, no answer is required. To the extent an answer is required, Sterling admits that the opinion cited in Paragraph 10 contains, in part, the language quoted in Paragraph 10.

**COMPLAINT ¶11:**

After obtaining and reviewing a copy of their files, consumers have the right to dispute any inaccurate information in their credit files, and to have errors corrected by the CRA, usually within 30 days of their disputes. *See* 15 U.S.C. § 1681i(a).

**ANSWER:**

Paragraph 11 of the Complaint consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Sterling admits that the FCRA provides consumers with the option of disputing any purportedly inaccurate information in their consumer reports. Sterling denies the remaining allegations in Paragraph 11.

**COMPLAINT ¶12:**

On or about June 30, 2014 Plaintiff Robert J. Vazquez applied for employment with JetBlue Airways Corporation ("JerBlue") as a flight instructor.

**ANSWER:**

Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Mr. Vazquez interviewed in person for the position and was provisionally hired by JetBlue, contingent upon a background check.

**ANSWER:**

Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Upon information and belief, in or about August 2014, JetBlue requested a background check for Mr. Vazquez from Sterling.

**ANSWER:**

Sterling admits that JetBlue requested a background check on Plaintiff from Sterling. Sterling denies the remaining allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

On or about September 4, 2014, Mr. Vazquez received an introductory email from Brandi Wilcox, an Aviation Specialist for Sterling, outlining the background check procedure and requesting that he complete Air Carrier and Other Records Requests ("PRIAs") under the Pilot

Records Improvement Act of 1996 authorizing JetBlue and Sterling to access his pilot records from Vision Airlines and Delta Airlines Inc. DBA Comair Inc.

**ANSWER:**

Sterling admits the allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

That same day Mr. Vazquez signed the PRIA request forms and returned them to Sterling via UPS overnight mail.

**ANSWER:**

Sterling admits that it received certain signed PRIA forms from Plaintiff. Sterling denies any remaining allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

The PRIA request forms directed Mr. Vazquez's prior employers to submit the requested pilot records to Matt Bowden, c/o Sterling Infosystems, Inc., by fax to 866-684-9657 or by email to FAA-Records@sterlinginfosystems.com.

**ANSWER:**

Sterling admits the allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

On or about September 5, 2014, Mr. Vazquez received an introductory email from Kiara Cruz, an Aviation Specialist for Sterling, again outlining the background check procedure and requesting that he review his application and advise if any changes should be made. Ms. Cruz further requested permission to contact his former employers Jet Aviators and Vision Airlines, and requested proof of employment for FlightPath International.

**ANSWER:**

Sterling admits the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Also on or about September 5, 2014, Mr. Vazquez responded to Ms. Cruz's email granting permission to contact his present and prior employers, advising Ms. Cruz of certain corrections to his application, and attaching a reference letter proving his past employment with FlightPath International. Mr. Vazquez also provided a second reference letter regarding his employment with FlightPath International to Ms. Cruz on or about September 9, 2014.

**ANSWER:**

Sterling admits the allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

On or about September 11, 2014, Mr. Vazquez submitted paystubs from when he was employed by Vision Airlines and Jet Aviators, as well as pilot proficiency check and training records from Vision Airlines and a letter confirming training he completed from Jet Aviators. Further, Mr. Vazquez submitted a 7-page June 2014 PRIA request from Delta to Vision Airlines, including Vision Airlines' response thereto, and requested Ms. Cruz advise whether his file was now complete.

**ANSWER:**

Sterling admits that, on September 11, 2014, Plaintiff submitted documents purporting to be those identified in Paragraph 20 of the Complaint. Sterling further admits that Plaintiff requested Ms. Cruz to advise him concerning the status of his file.

**COMPLAINT ¶21:**

On or about September 11, 2014, Ms. Cruz advised she was checking the paystubs before closing the order for his background check, and inquired about a purported gap in his employment from November 2012 to April 2013.

**ANSWER:**

Sterling admits the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Mr. Vazquez emailed Ms. Cruz confirming he was employed during that time with FlightPath International, and for which he had provided the reference letters as proof of employment.

**ANSWER:**

Sterling admits the allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Thereafter on or about September 11, 2014, Ms. Cruz advised that she was submitting the background check to JetBlue for review and if they had other questions they would contact Mr. Vazquez directly.

**ANSWER:**

Sterling admits the allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Upon information and belief, Sterling furnished a background consumer report to JetBlue in September 2014 with incomplete and therefore inaccurate information in at least two sections relating to Jet Aviators Management.

**ANSWER:**

Sterling admits that it furnished a background report to JetBlue. Sterling denies the remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Sterling rates or scores portions of its background report pursuant to criteria provided by its client. The Sterling background report on Mr. Vazquez was titled "COMPLETE REPORT — CONSIDER" instead of "COMPLETE REPORT — CLEAR."

**ANSWER:**

Sterling admits that the background report prepared on Plaintiff contained a notation "COMPLETE REPORT - CONSIDER," the notation "Complete" under all "Status" fields and contained notations of "Clear" and "Consider" under the "Result" fields. Sterling denies the remaining allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Sterling also noted in the comments for some of the flagged sections in the background report on Mr. Vazquez:

> This request was sent 10/21/2014 and received on 10/27/2014. Processing of this verification was halted when the client cancelled the background check on the applicant, and requested that work on all incomplete verifications be suspended.

**ANSWER:**

Sterling admits that the background report prepared on Plaintiff contains, in some parts, the language quoted in Paragraph 26 of the Complaint. Sterling denies the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

The background report Sterling furnished to JetBlue for employment purposes was incomplete and thus misleading.

**ANSWER:**

Sterling denies the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

However, on or about October 20, 2014, Mr. Vazquez received an introductory email from Mariana Miller, another Aviation Specialist for Sterling, outlining the background check procedure and requesting that he complete a PRIA authorizing JetBlue and Sterling to access his pilot records from Jet Aviators Management, and email or fax it back to her.

**ANSWER:**

Sterling admits the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Mr. Vazquez replied to Ms. Miller, asking that she please check Sterling's records because he was notified in mid-September that the background file was completed and submitted to JetBlue.

**ANSWER:**

Sterling admits the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Ms. Miller responded, and advised that JetBlue contacted Sterling that day requesting PRIA request forms for Jet Aviators Management as they were not done previously and should have been. "It was an error on our part that was overlooked. I apologize for the inconvenience, but we do need 8060-11 and 8060-12 documents for Jet Aviators Management."

**ANSWER:**

The first sentence of Paragraph 30 of the Complaint purports to characterize the contents of a written document, which speaks for itself. To the extent these allegations are inconsistent with or mischaracterize the referenced document, they are denied. To the extent the allegations are consistent with the referenced document, they are admitted. Sterling admits that the

referenced document contains, in part, the language quoted in the second sentence of Paragraph 30. Sterling denies any remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Mr. Vazquez signed and returned the requested forms by email to Ms. Miller that same day.

**ANSWER:**

Sterling admits the allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

On or about October 29, 2014, JetBlue called to inform Mr. Vazquez that the "job offer was being withdrawn due to [his] background report."

**ANSWER:**

Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

The September and October 2014 reports were incomplete and thus misleading and were likely to have an adverse effect upon his ability to obtain employment generally, and specifically, with JetBlue.

**ANSWER:**

Sterling denies the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Sterling has been reporting, and did here report, derogatory, incomplete and inaccurate statements and information relating to Mr. Vazquez and Mr. Vazquez's employment history and pilot records to third parties (the "inaccurate information").

**ANSWER:**

Sterling denies the allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

The inaccurate information includes, but is not limited to, failing to request and provide pilot records and aviation DOT verification from Jet Aviators Management in a timely manner.

**ANSWER:**

Sterling denies the allegations in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Sterling failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Mr. Vazquez. Had Sterling followed such procedures it never would have sold JetBlue an incomplete and misleading report on Mr. Vazquez, as for example, obtaining timely PRIAs to access his pilot records from all prior employers would have enabled Sterling to create and furnish a complete report.

**ANSWER:**

Sterling denies the allegations in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

On or about November 6, 2014, Mr. Vazquez sent a certified letter to Sterling requesting that it provide him with a complete copy of his file. The return receipt for the letter shows that Defendant received it on November 10, 2014.

**ANSWER:**

The first sentence of Paragraph 37 of the Complaint purports to characterize the contents of a written document, which speaks for itself. To the extent these allegations are inconsistent with or mischaracterize the referenced document, they are denied. In further response, Sterling is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37.

**COMPLAINT ¶38:**

On or about December 2, 2014, Sterling mailed Mr. Vazquez a letter purportedly enclosing a copy of his background check performed for its client JetBlue Airways Corporation.

**ANSWER:**

Sterling admits that, on December 2, 2014, Sterling sent Plaintiff a copy of his background report.

**COMPLAINT ¶39:**

The December 2nd report, however, contains many hyperlinks to additional documents inaccessible in paper form that were not produced to Mr. Vazquez. In at least one section, the report states *inter alias*

> The response received from the employer is attached to this search, available using the hyperlink below. It will also be an addendum if you choose the "Print with Attachments" option to download the completed report.

**ANSWER:**

Sterling admits that, on December 2, 2014, Sterling sent Plaintiff a copy of his background report, which contains, in part, the language quoted in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Sterling could have easily sent Mr. Vazquez a complete copy of his file by using the "Print with Attachments" option. However, it failed to provide him with a copy of his complete file by failing to include at least 14 separate hyperlinked attachments.

**ANSWER:**

Sterling admits that, on December 2, 2014, Sterling sent Plaintiff a copy of his background report. Sterling denies any remaining allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

On or about December 15, 2014, Mr. Vazquez sent a second certified letter to Sterling identifying the problem with the December 2nd report and requesting that it provide him with a copy of his full consumer file. The return receipt for the letter shows that Defendant received it on January 2, 2015.

**ANSWER:**

The first sentence of Paragraph 41 of the Complaint purports to characterize the contents of a written document, which speaks for itself. To the extent these allegations are inconsistent with or mischaracterize the referenced document, they are denied. In further response, Sterling admits that Plaintiff sent Sterling a letter dated December 15, 2014 in which he requested a copy of his file from Sterling and referenced Sterling's December 2, 2014 correspondence to Plaintiff.

**COMPLAINT ¶42:**

On or about January 6, 2015, Sterling mailed Mr. Vazquez another copy of the December 2nd report, again omitting the referenced attachments.

**ANSWER:**

Sterling admits that, on January 6, 2015, Sterling sent Plaintiff a copy of his background report. Sterling denies any remaining allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

On or about January 13, 2015, Mr. Vazquez sent a third and final certified letter to Sterling requesting that it provide him with a copy of his full consumer file and referencing his previous requests. The return receipt for the letter shows that Defendant received it on January 21, 2015. Defendant has not responded to Mr. Vazquez's request in any manner and to date has not provided him with a copy of his full consumer file.

**ANSWER:**

The first sentence of Paragraph 43 of the Complaint purports to characterize the contents of a written document, which speaks for itself. To the extent these allegations are inconsistent with or mischaracterize the referenced document, they are denied. In further response, Sterling is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of Paragraph 43. Sterling denies the remaining allegations in Paragraph 43.

**COMPLAINT ¶44:**

As a direct result of Defendant's unlawful actions and omissions Mr. Vazquez lost the job opportunity at JetBlue and suffered actual damages, including wage and other pecuniary loss, humiliation, embarrassment and emotional distress.

**ANSWER:**

Sterling denies the allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

At all times pertinent hereto, the Defendant's conduct, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**ANSWER:**

Sterling denies the allegations in Paragraph 45 of the Complaint.

**CAUSES OF ACTION**

**COUNT I**
**Fair Credit Reporting Act**

**COMPLAINT ¶46:**

Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

**ANSWER:**

Sterling incorporates by reference its answers to Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

**COMPLAINT ¶47:**

Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Sterling admits the allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Defendant is a "person" and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and 1681a(f).

**ANSWER:**

Sterling admits the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

The above-mentioned background reports are "consumer reports" used for "employment purposes" within the meaning of 15 U.S.C. §§ 1681a(d) and 1681a(h).

**ANSWER:**

Sterling admits the allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681g.

**ANSWER:**

Sterling denies the allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

The Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and litigation costs, as well as such further relief as may be permitted by law.

**ANSWER:**

Sterling denies the allegations in Paragraph 51 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Sterling denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, such claims are time-barred.

### SECOND DEFENSE

Sterling followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in any consumer reports relating to her and otherwise made good faith efforts to comply with the FCRA.

### THIRD DEFENSE

Plaintiff is not entitled to punitive damages because Sterling's reading of its obligations under the FCRA is objectively reasonable.

**FOURTH DEFENSE**

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

**FIFTH DEFENSE**

Any damages sustained by Plaintiff were not proximately caused by Sterling.

WHEREFORE, Sterling requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, and that Sterling be awarded its costs and any other relief that the Court deems just and proper.

Dated: New York, New York
July 9, 2015

Respectfully submitted,

STERLING INFOSYSTEMS, INC.

By: /s/Cameron Smith

Cameron Smith
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
csmith@seyfarth.com

Pamela Q. Devata (admitted *pro hac vice*)
John W. Drury (to be admitted *pro hac vice*)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
pdevata@seyfarth.com
jdrury@seyfarth.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2015, I caused a copy of **DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** to be electronically filed with the Court's CM/ECF system, which will send notification of such filing to the following attorneys of record:

Adam G. Singer
Law Office of Adam G. Singer
1 Baker Lane
Suffern, NY 10901

James A. Francis
John Soumilas
100 South Broad Street, 19th Floor
Philadelphia, PA 19110

By: */s/Cameron Smith*
Cameron Smith